# SUPREME COURT OPINIONS

No. 783

### STATE v. KRAUSS

Ohio Supreme Court

No. 19368.  March 16, 1926

559. GAMING & GAMBLING—Intent to keep a slot machine as a gaming devise for gain, under criminal statute, 13066 GC., is essence of the offense; such intent might be shown by redeeming coupons won by player, bringing him something of value for nothing, which might appeal to the gambling instinct.

PER CURIAM.

Henry Krauss was convicted by a justice of the peace for keeping and exhibiting a slot

machine. The case was taken to the Hamilton Common Pleas and judgment was reversed. The Court of Appeals affirmed the Common Pleas and the case was taken to the Supreme Court because of conflict with a decision of the Fairfield Court of Appeals.

Upon deposit of a five cent coin, the purchaser would receive a package of candy mints from the slot machine and in some instances certain coupons which were redeemable in trade at the value of five cents each. Two or more consecutive purchases from the machine were prohibited. On review, the Supreme Court held:

1. The record fails to show that the coupons received by the state's witnesses were redeemed or offered for redemption in trade at Krauss' store.

2. If smoe gain or profit had been shown a different question might have been presented.

3. Unless the record shows a violation of the letter and spirit of the statute under which this action was brought (13066 GC.) no conviction thereunder can be sustained.

4. The records before the two conflicting courts of Appeals were so different and the principles of law applicable thereto of such dissimilar character that the respective conclusions reached do not constitute a conflict of opinion. This case is a criminal case while the former was one in which injunctive relief in a civil action was sought.

5. Intent of Krauss to keep the machine as a gaming device for gain is the essence of the offense; and redeeming the checks won by the player, thus bringing him something for nothing, might show this intent.

6. The state failed to show beyond a reasonable doubt the essential elements going to make up the offense charged and the judgment of Court of Appeals will be affirmed.

Judgment affirmed.

Attorneys—Charles S. Bell, Pros. Atty., and Edward Strasser, Cincinnati, for State; Miller & Elston, Cincinnati, and E. H. & W. B. Turner, Dayton, for Krauss.